Jack Stanislaw, J.
Plaintiff the G-ramatan Company, Ltd., assignee of a note and mortgage executed by defendants husband and wife, brought this action to foreclose that mortgage. Defendants set up as a counterclaim a cause of action against the assignor, a builder, for damages resulting from the latter’s alleged breach of the contract, the consideration for the note and mortgage.
During the nonjury trial of this action the note, mortgage, and assignment were received into evidence. That the defendants owe money on their note is not open to serious question. Furthermore, plaintiff affirmatively alleged the execution of a general release by the defendant husband as completely dispositive of the counterclaim of the two defendants. Again, there is no doubt but that the release operates to wash out the counterclaim, at least as it is asserted by the husband. Does it also bind the wife?
Both defendants were present when the subject matter of the counterclaim was released in an instrument signed only by the husband, for good consideration. Gramatan asserts it as binding on the wife anyway, arguing that a presumed acquiescence on her part to the release has not been disputed or explained away. Therefore, plaintiff urges she be estopped from denying the release as binding upon her even though she was not a signatory.
Gramatan has made much of the wife’s silence on this particular score during the trial. However, just because she was physically present when her husband executed the release does not mean she must come forward and prove the absence of an estoppel or agency binding her to it. Plaintiff has not sustained its prior burden of demonstrating enough to raise the presumption of acquiescenoe in the first place. The mere presence of the wife at the time and place when her husband signed the release does not create enough of a basis for us to presume her equitable participation in it so as to demand an explanation *235 from, her to the contrary (Farr v. Newman, 18 A D 2d 54, affd. 14 N Y 2d 183; Martin v. Traver, 19 A D 2d 571).
The second issue raised has to do with the legal efficacy of the counterclaim, as asserted by the wife only. It avails the husband not at all, for he has, of course, released it for himself. Gramatan states that it is improperly before the court in this mortgage foreclosure action because of the terms of CPLR 3019 (subd. [c]). That provision speaks of counterclaims permissible “ In an action on a contract assigned to the plaintiff ”. Gramatan distinguishes an action to foreclose a mortgage as one other than on a contract, assigned or not.
The mortgage in question secures defendants’ negotiable promissory note. Plaintiff holds the negotiable note as holder in due course. Therefore, plaintiff has taken the mortgage itself free of all defenses and claims not available against the note itself (see 38 N. Y. Jur., Mortgages and Deeds of Trust, § 201). It follows that the transfer of the note here, a negotiable instrument, is separately regulated by statute, and is not affected as the assignment of an account or other nonnegotiable paper would be, by section 13-105 of the General Obligations Law. Section 9-318 of the Uniform Commercial Code, relating to defenses allowed against an assignee, is also apparently limited to instances of assignments of executory contracts (see Uniform Commercial Code, § 9-106).
It appears that CPLR 3019 (subd. [c]) does not permit the wife’s counterclaim in this action brought by a plaintiff holder in due course. At any rate, that section would seem to refer to executory contracts generally (cf. James Talcott, Inc. v. Winco Sales Corp., 14 N Y 2d 227; Eleventh Annual Report of N. Y. Judicial Conference, 1966, pp. 222-223). The confusion generated by all those statutory provisions has been tentatively resolved by the elimination of CPLR 3019 (subds. [c], [d]), effective .September 1,1966 (L. 1966, ch. 182).
The counterclaim by the defendant wife is dismissed, without prejudice. Plaintiff shall have judgment as demanded in its complaint.